IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLOBAL DAIRY SOLUTIONS PTY. LTD.

                Plaintiff,                        ORDER

  v.

                                                               10-cv-237-slc

BOUMATIC, LLC.,

                Defendant.

---

On October 9, 2013, defendant BouMatic, LLC moved to dismiss the complaint filed by plaintiff Global Dairy Solutions Pty LTD (GDS) and to grant BouMatic judgment on its counterclaims in the amount of $296,951. *See* dkt. 90. GDS did not respond; as is clear from the docket sheet following remand, GDS is out of money and no longer can afford to pay a lawyer to represent it in this lawsuit. *See* dkts. 80, 82-91. Accordingly, BouMatic is entitled to an order granting both parts of its motion.

In its motion, BouMatic asks this court to dismiss GDS's complaint for failure to prosecute it following the court of appeals' May 21, 2013 remand. *See* F.R. Civ. Pro. 41(b). The court released GDS's previous counsel on June 14, 2013 (GDS had not paid–could not pay–counsel's bill, *see* dkt. 80) and granted GDS a series of continuances so that it could attempt to find replacement counsel. In an October 9, 2013 text-only order, the court gave GDS one final chance to find counsel and respond to BouMatic's current motion, staying any decision on dismissal until November 12, 2013. It is now November 18, 2013, and no attorney has appeared on behalf of GDS, let alone filed any response to BouMatic's motion. This constitutes failure to prosecute and failure to comply with this court's post-remand orders. Accordingly, dismissal of GDS's complaint is appropriate.

Next, BouMatic asks for judgement against GDS in the amount of $87,928.03 on BouMatic's counterclaim for unpaid invoices; then, pursuant to the parties' Dealership Agreements

(*see* dkts. 34-1 & 34-2, both at ¶ 20), BouMatic asks to be declared the "prevailing party" and awarded its attorneys' fees in the amount of $176,940.25, plus costs of $32,083.70 for a total of $209,023.95. At this juncture, BouMatic must be considered the prevailing party. In its order remanding this case, the court of appeals stated that this court could enter summary judgment on behalf of BouMatic as to GDS's liability on the unpaid invoices while leaving the damages amount open until GDS's breach of contract claim was resolved. *Global Dairy Solutions Pty Ltd. v. BouMatic LLC*, 523 Fed. Appx. 421, 428 (7th Cir. 2013) (unpublished opinion). GDS has been forced to abandon the field for lack of funds, resulting in dismissal of its contract claims against BouMatic. Therefore, there will be no setoff, and BouMatic will have prevailed on every substantive issue in this lawsuit.

## ORDER

IT IS ORDERED that:

(1) Pursuant to F.R. Civ. Pro. 41(b), defendant's motion to dismiss plaintiff's complaint with prejudice is GRANTED;

(2) Defendant's motion for judgment on its counterclaim against plaintiff is GRANTED and damages are awarded to defendant in the amount of $87,928.03;

(3) Defendant's motion for an award of attorneys' fees and costs against plaintiff in the amount of $209,023.95 is GRANTED; and

(4) The Clerk of Court is directed to enter judgment accordingly and to close this case.

Entered this 18th day of November, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge